# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 28147847
Date Processed: 12/12/2023

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Griselda Mejia<br>Carmen Solis<br>Ruby Esquivel<br>Danielle Lopez |
| **Entity:** | Garrison Property and Casualty Insurance Company<br>Entity ID Number  3692001 |
| **Entity Served:** | Garrison Property and Casualty Insurance Company |
| **Title of Action:** | David Allen Heiserman vs. USAA Casualty Insurance Company |
| **Matter Name/ID:** | David Allen Heiserman vs. USAA Casualty Insurance Company (14966298) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV2023-018912 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 12/11/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | AZ DOI on 12/06/2023 |
| **How Served:** | Certified Mail |
| Sender Information: | Raj Law, PLLC<br>602-726-3868 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Person/Attorney Filing: Daniel Rubinov
Mailing Address: 5343 North 16th Street, Suite 130
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)400-2340
E-Mail Address: litigation@rajlawgroup.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035653, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
C. McWhorter, Deputy
12/1/2023 2:47:21 PM
Filing ID 16984940

DEPT OF INSURANCE &
FINANCIAL INSTITUTIONS

DEC 0 6 2023
TIME 11:03
SERVICE OF PROCESS

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

David Allen Heiserman
Plaintiff(s),
v.
USAA Casualty Insurance Company, et al.
Defendant(s).

Case No. **CV2023-018912**

**SUMMONS**

To: Garrison Property and Casualty Insurance

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *December 01, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *C. MCWHORTER*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
C. McWhorter, Deputy
12/1/2023 2:47:21 PM
Filing ID 16984936

Daniel Rubinov (035653)
Rafat H. Abdeljaber (035774)
Christian Lorenz (038621)
RAJ Law, PLLC
5343 N 16th Street, Ste. 130
Phoenix, AZ 85016
T: (602) 726-3868
F: (602) 899-8094
E: daniel@rajlawgroup.com
E: litigation@rajlawgroup.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| David Allen Heiserman,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>USAA Casualty Insurance Company, a Texas corporation; Garrison Property and Casualty Insurance Company, a Texas corporation;<br><br>　　　　　　　Defendants. | Case No.: **CV2023-018912**<br><br>**COMPLAINT**<br><br>**(Contract Bad Faith)**<br><br>**(Tier II)**<br><br>**(Jury Trial Demanded)** |

　　　　This case presents breach-of-contract and bad faith claims related to Defendant USAA Casualty Insurance Company and Garrison Property and Casualty Insurance Company's (collectively, "USAA's") handling of Plaintiff David Allen Heiserman's underinsured motorist (UIM) claim. In support of his claims, Plaintiff hereby alleges the following:

### JURISDICTION AND VENUE

1.　　Plaintiff is a resident of Maricopa County, Arizona.

2.　　Defendant USAA Casualty Insurance Company is a Texas corporation licensed to do business in Arizona.

3.　　Defendant Garrison Property and Casualty Insurance Company is a Texas corporation licensed to do business in Arizona.

4. Defendant Garrison Property and Casualty Insurance Company is a subsidiary of Defendant USAA Casualty Insurance Company.

5. All events giving rise to this Complaint occurred in Maricopa County, Arizona.

6. Jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in Maricopa County, Arizona and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

7. This case qualifies as a Tier II case under Arizona Rule of Civil Procedure ("Rule") 8(b)(2).

**GENERAL ALLEGATIONS**

8. USAA issued an automobile insurance policy, identified as Policy No. 03534 74 93R 7101 5, to Plaintiff with underinsured motorist coverage in the amount of $100,000 for each person and $300,000 for each occurrence. The policy also included $25,000 in medical payments coverage ("Med-Pay").

9. On December 23, 2022, Plaintiff was involved in a high-speed, rear-end highway collision (the "Collision") that was caused by the negligence of an underinsured motorist who had Arizona state-minimum $25,000 in automobile liability insurance.

10. As a result of the underinsured driver's negligence, Plaintiff sustained physical injuries and received medical treatment that exceeded $50,000, in addition to pain, discomfort, stress, and anxiety that persist to the present day.

11. After receiving records and bills relating to his treatment following the Collision, Plaintiff submitted his medical bills to USAA and received approximately $15,000 in Med-Pay payments.

12. Plaintiff also sent a liability policy limit demand to the negligent party's insurance carrier, and the carrier tendered its $25,000 policy limit to Plaintiff.

13. After recovering the liability policy limit from the underinsured driver's insurance, Plaintiff sent a UIM policy limit demand letter to USAA on September 18, 2023.

14. USAA responded with an offer totaling less than half of Plaintiff's medical bills, which USAA stated was the final value after taking a $25,000 offset for the third-party liability policy limit and an $11,231 offset for Med-Pay payments.

15. The parties engaged in negotiations regarding settlement of the claim and tentatively agreed on a settlement amount.

16. Plaintiff then informed USAA that the time for it to file a lien to recover its Med-Pay payments had expired.

17. In response, USAA reduced its settlement offer by the amount of the Med-Pay lien that it neglected to file and refused to negotiate further.

18. USAA thereby forced Plaintiff into litigation to vindicate his rights under the parties' insurance contract.

## COUNT 1

### Breach of Contract

19. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

20. The UIM portion of the parties' insurance policy requires USAA to pay Plaintiff the difference between the total damages resulting from a vehicle collision and the at-fault party's liability insurance policy limits.

21. USAA failed to fairly value Plaintiff's UIM claim.

22. USAA failed to negotiate with Plaintiff in good faith.

23. USAA's failure to make a good faith offer and failure to reasonably and promptly pay Plaintiff for his loss arising from his vehicle collision, and failure to negotiate this matter in good faith constitutes a *de facto* denial of coverage and breach of the parties' contract.

24. As a direct and proximate result of USAA's breach, Plaintiff sustained direct and consequential damages.

3

## COUNT 2

### Bad Faith

25. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

26. Inherent in every contract of insurance is the insurance company's covenant of good faith and fair dealing.

27. As Plaintiff's auto insurer, USAA had a duty to evaluate Plaintiff's claims fairly and afford his interests equal consideration to USAA's own.

28. USAA's duty prohibits it from making arbitrarily low offers and forcing Plaintiff to jump through needless adversarial hoops to achieve his rights under the policy.

29. Defendant breached its duty of good faith to Plaintiff by arbitrarily low-balling Plaintiff to further its own self-interest.

30. As an example, after USAA was informed that it failed to meet Arizona's filing requirements to perfect its Med-Pay lien, USAA reduced its UIM offer by the amount of the lien that it could have filed.

31. This type of UIM offset is prohibited by Arizona's Uninsured/Underinsured Motorist Act, A.R.S. § 20-259.01(G), and *Cundiff v. State Farm Mut. Auto. Ins. Co.*, 217 Ariz. 358, 174 P.3d 270 (2008).

32. USAA engaged in this unlawful conduct to protect its own financial interest without regard to Plaintiff's interest.

33. As a direct and proximate result of Defendant's conduct, Plaintiff sustained direct and consequential damages.

34. USAA's conduct in resolving Plaintiff's claims resulted in needless delay, hassle, inconvenience, annoyance, and stress.

35. USAA's conduct forced Plaintiff through needless adversarial hoops to achieve his rights under his insurance policy.

36. USAA's conduct was consistent with its general practice of putting its own interest before its insureds' by offering the insureds less than the fair value for their claims or forcing them into adversarial proceedings to recover the fair value of their claims.

37. Because USAA acted unlawfully with the intent to deprive Plaintiff of his rights under his insurance policy and, in furtherance of its own self-interest, ignored repeated attempts to resolve Plaintiff's claims in a reasonable manner, Plaintiff is entitled to an award of punitive damages to punish USAA and to discourage USAA and other insurers from engaging in this type of conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against USAA in an amount to be determined by at trial for the following damages:

    a. For economic damages in an amount to be proven at trial;

    b. For non-economic damages in an amount to be proven at trial;

    c. For punitive damages in an amount to be proven at trial;

    d. For attorney's fees under A.R.S. § 12-341.01; and

    e. For any other legal or equitable relief the Court deems just and proper including costs, pre- and post-judgment interest, and any other damages recoverable by law or in equity.

## JURY DEMAND

Plaintiff demands a jury trial of all issues of fact in this matter.

Dated this 1st day of December, 2023.

                                                      /s/ Daniel Rubinov
                                                      *Attorney for Plaintiff*

Clerk of the Superior Court
*** Electronically Filed ***
C. McWhorter, Deputy
12/1/2023 2:47:21 PM
Filing ID 16984938

Person/Attorney Filing: Daniel Rubinov
Mailing Address: 5343 North 16th Street, Suite 130
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)400-2340
E-Mail Address: litigation@rajlawgroup.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035653, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

David Allen Heiserman
Plaintiff(s),
v.
USAA Casualty Insurance Company, et al.
Defendant(s).

Case No. **CV2023-018912**

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this**

By: Daniel Rubinov /s/
Plaintiff/Attorney for Plaintiff

25000

**ARIZONA DEPARTMENT OF INSURANCE
AND FINANCIAL INSTITUTIONS ("DIFI")**
https//DIFI.az.gov
100 North 15th Avenue, Suite 261
Phoenix, AZ 85007-2630

9489 0090 0027 6556 3237 36

Label 890-PB, Oct. 2015
Pitney Bowes

ZIP 85007
02 4W
0000342982 DEC 07 2023

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY C/O CORPORATION
SERVICE COMPANY
8825 North 23rd Avenue, Suite 100
Phoenix, AZ 85021